UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JAMES R. EDENS,
    Plaintiff,

v.                                                                   02-CV-3141

JAMES G. COX et al.,

    Defendants.

### Order

    Before the court is the plaintiff's motion renewed motion for the appointment of counsel [d/e 47].

    Civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). The decision to appoint counsel lies within the broad discretion of the court. *Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992). In exercising its discretion, a district court is guided by several factors: (1) the merit of the indigent plaintiff's claims; (2) the plaintiff's ability to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be exposed if both sides are represented by counsel; (4) the capability of the indigent litigant to present the case; and (5) the complexity of the legal issues raised. *Swofford v. Mandrell,* 969 F.2d 547, 551 (7th Cir. 1992), *relying on Merritt v. Faulkner,* 697 F.2d 761, 764 (7th Cir. 1983); *see also Maclin v. Freake,* 650 F.2d 885, 887-89 (7th Cir. 1981). "[O]nly when the cases are colorable, the facts may be difficult to assemble, and the law is complex" will judges request an attorney to assist the litigant. *DiAngelo v. Illinois Dept. of Public Aid,* 891 F.2d 1260, 1262 (7th Cir. 1989). As an additional threshold consideration, a litigant seeking appointment of pro bono counsel must show that he has made a reasonable attempt to retain private counsel, or that he is effectively precluded from making such efforts. *Jackson*, 953 F.2d at 1072.

    The plaintiff states that he has diligently tried to retain private counsel, and the court accepts that statement as true for purposes of this order. However, after considering the above factors, the court concludes that appointment of counsel is not warranted in this case. Although the plaintiff has alleged sufficient facts to give rise to colorable claims, neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims are so complex or intricate that an attorney is necessary. The plaintiff's claims involve retaliation against him for filing grievances and discipline against him for the content of his outgoing letters. The plaintiff should already have a copy of the letters at issue, as well as the disciplinary reports and hearing decisions. With regard to his Eighth Amendment claim, the plaintiff can personally testify to any inhumane conditions he endured as a result of the co-pay policy. He can also

testify personally regarding the legal mail that was tampered with or opened, and should possess copies of that mail to present at trial.

The plaintiff states that he is unable to locate former IDOC employees to question, and that IDOC staff cuts have severely restricted his access to the law library and legal resources. The court acknowledges the difficulties of prosecuting a case while in prison, made even more difficult by the staff cuts. However, the court has already set forth much of the applicable case law in its order of July 22, 2003. It is not clear how increased access to a law library will affect this case at this point. The parties have already conducted discovery and have drafted the final pretrial order. The proposed final pretrial order shows that the plaintiff will be able to call ten IDOC employees at trial. He does not explain which former employees he has been unable to find or why their testimony is critical to his case.

A review of the record also demonstrates that the plaintiff has the capability to prosecute this action without a lawyer. The difficulties cited by the plaintiff are the same difficulties faced by all inmate-plaintiffs in civil litigation. The plaintiff is arguably better off than many inmates, as the record shows that he was assisting other inmates with their legal matters at Logan.

IT IS THEREFORE ORDERED THAT:

1) The plaintiff's motion for the appointment of counsel is denied [d/e 47].

2) The plaintiff's "Motion to Address the Court" (d/e 45) is denied as moot. The IDOC has already agreed to produce the witnesses requested, to the extent they remain incarcerated in IDOC at the time of the trial. The plaintiff is responsible for serving trial subpoenas on witnesses who are no longer incarcerated.

Entered this __5th__ Day of __November__, 2004.

**s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE