UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES EDENS, #N-60262, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 02 CV 3141 |
| JAMES G. COX, RICK SHEPARD, STEVE MONTGOMERY, DAVE HUFFMAN, BRIAN WILLIAMS, JOHN PROFROCH, McFADDEN, and KEVIN STANDLEY, | ) ) ) ) ) |
| Defendants. | ) |

**PROPOSED FINAL PRE-TRIAL ORDER**

This matter having come before the Court at a pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.3; and James Edens having appeared pro se, and Julie Morgan having appeared as counsel for the Defendants.

I.  **NATURE OF ACTION AND JURISDICTION**

This is a civil rights action brought by pursuant to 42 U.S.C. §1983 for alleged constitutional violation of the Plaintiff's First Amendment right to free speech and Eighth Amendment right to be free from cruel and unusual punishment. Specifically, Plaintiff claims that his First Amendment rights were violated at the Logan Correctional Center when the Defendants allegedly retaliated against the Plaintiff by: 1) writing him a December 5, 2001 Disciplinary Report for refusing to answer self-incriminating questions with regard to a letter he was sending his nephew; 2) writing him a February 5, 2002 Disciplinary Report for writing a grievance concerning a correctional officer's conduct; and 3) writing him a July 29, 2002 Disciplinary Report concerning a letter he was sending to his sister, for refusing to answer questions, writing a grievance, helping inmates with their legal work and filing lawsuits. Plaintiff also claims that his First Amendment rights were violated when his mail had been opened, tampered, and delayed. Plaintiff claims his Eighth Amendment rights were violated when a $2.00 medical co-pay policy was instituted at the Logan Correctional Center.

Defendants Cox, Montgomery, Huffman, Proefrock, Shepard, Williams, Standley and Mcfadden deny violating Plaintiff's First and Eighth Amendment rights. The jurisdiction of the Court is invoked under §28 U.S.C., §1331, and 28 U.S.C. §1343. The jurisdiction of the Court is not disputed.

II. **JOINT STATEMENT**

    A. **UNCONTESTED ISSUES OF FACT**

        1. At all times relevant, Plaintiff was an inmate incarcerated at the Logan Correctional Center.

        2. At all times relevant, Defendants Cox, Montgomery, Huffman, Proefrock, Shepard, Williams, Standley and Mcfadden were employed at the Logan Correctional Center.

        3. At all times relevant, Defendants Cox, Montgomery, Huffman, Proefrock, Shepard, Williams, Standley and Mcfadden were acting under color of state law.

    B. **CONTESTED ISSUES OF FACT**

        1. Whether Defendants had a legitimate penological interest in writing the Plaintiff a December 5, 2001 Disciplinary Report and subsequently finding the Plaintiff guilty of the Disciplinary Report.

        2. Whether Plaintiff received a December 5, 2001 Disciplinary Report due to him failing to answer self-incriminating questions.

        3. Whether Defendants had a legitimate penological interest in writing the Plaintiff a February 5, 2002 Disciplinary Report and subsequently finding the Plaintiff guilty of the Disciplinary Report.

        4. Whether Plaintiff received a February 5, 2002 Disciplinary Report due to him writing a grievance.

        5. Whether Defendants had a legitimate penological interest in writing the Plaintiff a July 29, 2002 Disciplinary Report and subsequently finding the Plaintiff guilty of the Disciplinary Report.

        6. Whether Plaintiff received a July 29, 2002 Disciplinary Report due to him failing to answer questions, writing a grievance, helping other inmates with their legal work, and filing lawsuits.

        7. Whether Plaintiff's mail was routinely and repeatedly opened, tampered with, and delayed.

        8. Whether Plaintiff was unable to receive medical care for a serious medical need because he did not have $2.00 to pay.

    9.    Whether Plaintiff was denied adequate food, clothing, shelter, medical care, hygiene supplies because he did not have money to pay for them.

    10.    Whether Defendants acted maliciously and sadistically for the very purpose of causing harm to the Plaintiff.

### C. CONTESTED ISSUES OF LAW

    1.    Whether Defendants violated Plaintiff's First Amendment rights by writing the Plaintiff a December 5, 2001 Disciplinary Report for gang or unauthorized organizational activity and finding Plaintiff guilty of same.

    2.    Whether Defendants violated Plaintiff's First Amendment rights by writing the Plaintiff a February 5, 2002 Disciplinary Report for abuse of privileges and finding Plaintiff guilty of same.

    3.    Whether Defendants violated Plaintiff's First Amendment rights by writing the Plaintiff a July 29, 2002 Disciplinary Report for giving false information; transfer of funds; petitions, postings, and business ventures; and abuse of privileges and finding Plaintiff guilty of same.

    4.    Whether Plaintiff had a protected liberty interest in writing a letter to his nephew about the Plaintiff's life.

    5.    Whether Plaintiff's letter to his nephew that contained gang information is constitutionally protected.

    6.    Whether Plaintiff had a protected liberty interest in writing a letter to his sister about the Plaintiff's life.

    7.    Whether Plaintiff's letter to his sister that contained information relating to transfer of funds; abuse of privileges; and petitions, postings, and business ventures is constitutionally protected.

    8.    Whether Plaintiff had a protected liberty interest in not answering potentially self-incriminating questions.

    9.    Whether Defendants violated Plaintiff's First Amendment rights by opening his mail.

    10.    Whether Defendants were deliberately indifferent to Plaintiff's serious medical needs.

11. Whether Plaintiff suffered any compensable injuries as provided by the Prisoner Litigation Reform Act.

12. Whether the Defendants are entitled to qualified immunity.

13. Whether Plaintiff is entitled to punitive damages

**D.  JURY DEMAND**

Plaintiff requested a jury on his Complaint. There will be a minimum of six (6) jurors.

## III. PLAINTIFF'S STATEMENT

**A.  ITEMIZED STATEMENT OF DAMAGES**

Plaintiff seeks $50,000 in compensatory damages against the Defendants. Plaintiff also seeks $50,000 in punitive damages against the Defendants.

## IV. EXHIBITS ATTACHED

The following are attached as Exhibits to this Order and are made a part hereof:

**A.  STIPULATION OF UNCONTESTED FACTS AND ISSUES OF LAW** (see attached)

**B.  PLAINTIFF'S WITNESS LIST** (see attached)

**C.  DEFENDANT'S WITNESS LIST** (see attached)

**D.  PLAINTIFF'S EXHIBIT LIST** (see attached)

**E.  DEFENDANT'S EXHIBIT LIST** (see attached)

**F.  JOINT EXHIBIT LIST** (see attached)

**G.  PROPOSED JURY INSTRUCTIONS**

**H.  PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**I.  DEFENDANTS' PROPOSED JURY INSTRUCTIONS**

## V. GENERAL ADDITIONAL

1. The testimony of the following inmate witnesses is necessary for trial. The Clerk is directed to issue Writs of Habeas Corpus ad Testificandum for:

        James Delaney, B-41410

2.   The testimony of the following Illinois Department of Corrections employees is necessary for trial. The Defendants are ordered to produce the following witnesses without subpoena:

        James Cox
        Steve Montgomery
        Dave Huffman
        John Proefrock
        Rick Shepard
        Brian Williams
        Kevin Standley
        Kevin Mcfadden
        Kevin Britton
        Troy Fishel
        Keith Kinney

3.   The testimony of the following witnesses who are neither inmate nor employees is necessary for trial. The Clerk is directed to issue trial subpoenas for the following. The Plaintiff must provide the witness fee ($40) and mileage ($.30 per mile) to the witness, and is responsible for service of the subpoena under Fed. R. Civ. P. 45.

        Miguel Sedano, will be discharged November 28, 2004
        Tom Page
        Debbie Ross

**IT IS UNDERSTOOD BY THE PARTIES THAT:**

Any Trial Briefs or Motions in limine shall be submitted no later than fourteen (14) days prior to the commencement of the trial.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other parties prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial shall not exceed __2__ full days. The case will be listed on the trial calendar to be tried when reached.

This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice. [Such modification may be made either on motion of counsel for any party or on the Court's own motion.]

Any additional proposed jury instructions shall be submitted to the Court within five days before the commencement of the trial, but there is reserved to counsel for the respective parties the right to submit supplemental proposals for instructions during the course of the trial or at the conclusion of the evidence on matters that could not reasonably have been anticipated.

**IT IS SO ORDERED.**

ENTERED: Nov. 12, 2004, 2004          s/Harold A. Baker
                                       JUDGE
APPROVED:

_____                s/Julie L. Morgan
James Edens                            Julie Morgan
Plaintiff, Pro Se                      Assistant Attorney General
                                       Attorney for Defendants

**EXHIBIT A**

**STIPULATION OF UNCONTESTED FACTS AND ISSUES OF LAW**

1. On December 5, 2001, Troy Fishel wrote the Plaintiff a Disciplinary Report for gang or unauthorized activity.

2. On December 6, 2001, Plaintiff had an Adjustment Committee hearing concerning the December 5, 2001 Disciplinary Report.

3. Plaintiff was present at the December 6, 2001 Adjustment Committee hearing.

4. Defendant Montgomery was the Chair Person of the December 6, 2001 Adjustment Committee hearing.

5. Plaintiff was found guilty of the December 5, 2001 Disciplinary Report.

6. The recommended discipline was three days in segregation.

7. In February 5, 2002, Keith Kinney wrote the Plaintiff a Disciplinary Report for abuse of privileges.

8. On July 29, 2002, Defendant Standley wrote the Plaintiff a Disciplinary Report for giving false information to an employee; transfer of funds; petitions, postings, and business ventures; and abuse of privileges.

9. On July 31, 2002, Plaintiff had an Adjustment Committee hearing concerning the July 29, 2002 Disciplinary Report.

10. Plaintiff was present at the July 31, 2002 Adjustment Committee hearing.

11. Defendants Montgomery and Williams presided over the July 21, 2002 Adjustment Committee hearing.

12. Plaintiff was found guilty of the July 29, 2002 Disciplinary Report.

13. The recommended discipline was demotion to C grade for 3 months, placement in segregation for 3 months, loss of library for 3 months, and a transfer.

14. Effective October 2, 2000, inmates at Logan Correctional Center would be charged a $2.00 co-pay for non-emergency, routine health care services provided by the Health Care Unit.

**EXHIBIT B**

**PLAINTIFF'S WITNESS LIST**

1. James Edens
2. Debbie Ross
3. Kevin Britton
4. James Cox
5. Rick Shepard
6. Steve Montgomery
7. Kevin Standley
8. John Proefrock
9. Brian Williams
10. Troy Fishel
11. Tom Page
12. Kevin Mcfadden
13. James Delaney, B-41410
14. Keith Kinney
15. Mr. Steele
16. ~~Miguel Sedano~~

**EXHIBIT C**

**DEFENDANTS' WITNESS LIST**

1. James Cox
2. Steve Montgomery
3. Dave Huffman
4. John Proefrock
5. Kevin Mcfadden
6. Rick Shepard
7. Brian Williams
8. Kevin Standley
9. Troy Fishel
10. Keith Kinney
11. Kevin Mcfadden
12. Kevin Britton
13. Julie Bohler, Records Office, Illinois River Correctional Center
14. Lisa Zeman, Medical Records Supervisor, Illinois River Correctional Center
15. Jami Tepker, Court Reporter

**EXHIBIT D**

**PLAINTIFF'S EXHIBIT LIST**

| Number | Description | Objection | If objection, state grounds |
|---|---|---|---|
| 1 | December 5, 2001 Disciplinary Report | X | Hearsay |
| 2 | Grievance | X | Relevancy, Foundation, Hearsay |
| 3 | Letter to nephew | X | Relevancy, Foundation, Hearsay |
| 4 | February 5, 2002 Disciplinary Report | X | Hearsay |
| 5 | July 29, 2002 Disciplinary Report | X | Hearsay |
| 6 | Grievance | X | Relevancy, Foundation, Hearsay |
| 7 | Written statement to Adjustment Committee Summary | X | Relevancy, Foundation, Hearsay |
| 8 | Letter to Ms. Brown | X | Relevancy, Foundation, Hearsay |
| 9 | Trust Account | X | Relevancy, Foundation, Hearsay |
| 10 | Departmental Rules 504.80, 504.90 | X | Relevancy, should be a jury instruction |
| 11 | 730 ILCS 5/3-8-7 | X | should be a jury instruction |
| 12 | Photo copies of opened mail | X | Relevancy, Foundation, Hearsay |
| 13 | All grievances regarding opened Mail at Logan Correctional Center | X | Relevancy, Foundation, Hearsay |

**EXHIBIT D**

**PLAINTIFF'S EXHIBIT LIST CONTINUED**

| Number | Description | Objection | If objection, state grounds |
|---|---|---|---|
| 14 | ARB responses to mail issue at Logan Correctional Center | X | Relevancy, Foundation, Hearsay |
| 15 | Delaney Affidavit | X | Relevancy, Foundation, Hearsay |
| 16 | Sedano Affidavit | X | Relevancy, Foundation, Hearsay |
| 17 | Meras Affidavit | X | Relevancy, Foundation, Hearsay |
| 18 | Morales Affidavit | X | Relevancy, Foundation, Hearsay |
| 19 | Matimore Affidavit | X | Relevancy, Foundation, Hearsay |
| 20 | Kimble Affidavit | X | Relevancy, Foundation, Hearsay |
| 21 | Orton Affidavit | X | Relevancy, Foundation, Hearsay |
| 22 | Letter to and from Mailroom Supervisor dated 11-9-03 | X | Relevancy, Foundation, Hearsay |
| 23 | Letter to and from Mailroom Supervisor dated August 21, 2002 | X | Relevancy, Foundation, Hearsay |
| 24 | November 13, 2000 Disciplinary Report | X | Relevancy, Foundation, Hearsay |

**EXHIBIT E**

**DEFENDANTS' EXHIBIT LIST**

| Number | Description | Objection | If objection, state grounds |
|--------|-------------|-----------|------------------------------|
| 1 | Plaintiff's deposition | | |
| 2 | July 24, 2002 Investigative Report | | |
| 3 | July 29, 2002 Disciplinary Report | | |
| 4 | July 31, 2002 Adjustment Committee Summary | | |
| 5 | Plaintiff's Trust Fund Account | | |
| 6 | December 12 Letter to Jereatha Brown | | |
| 7 | December 5, 2001 Disciplinary Report | | |
| 8 | December 5, 2001 Shakedown Slip | | |
| 9 | December 6, 2001 Adjustment Committee Summary | | |
| 10 | February 5, 2002 Disciplinary Report | | |
| 11 | Adjustment Committee Summary For the February 5, 2002 Disciplinary Report | | |
| 12 | Plaintiff's Disciplinary Card | | |

**EXHIBIT F**

**JOINT EXHIBIT LIST**

None at this time.

-13-

**EXHIBIT G**

**PROPOSED JURY INSTRUCTIONS**

To be provided at trial.

-14-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JAMES EDENS, #N-60262, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 02 CV 3141 |
| JAMES G. COX, RICK SHEPARD, STEVE MONTGOMERY, DAVE HUFFMAN, BRIAN WILLIAMS, JOHN PROFROCH, McFADDEN, and KEVIN STANDLEY, | ) ) ) ) ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 20, 2004, I electronically filed the Proposed Final Pre-Trial Order with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

None

and I hereby certify that on October 20, 2004, I mailed by United States Postal Service, the document to the following non-registered participant:

James Edens, N-60262
Illinois River Correctional Center
Route 9 West, PO Box 999
Canton, IL 61520

Respectfully submitted,
 s/Julie L. Morgan
Julie L. Morgan, #6271352
Attorney for Defendants
Office of the Illinois Attorney General
500 South Second Street
Springfield, IL 62706
Telephone: (217) 557-0261
Facsimile: (217) 524-5091
jlmorgan@atg.state.il.us

-15-